UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:11-cr-41 |
| | ) JUDGE GREER |
| ARELI, TRUE NAME UNKNOWN | ) Indictment |
| EUSEBIO FLORES MARTINEZ, | ) |
| ROSA GARCIA MENENDEZ, | ) UNDER SEAL |
| OBDULIO C. MORALES, | ) |
| RUBIO TRINIDAD NARCISO, | ) |
| ELDA DORALI MORENO RAMIREZ, | ) |
| RAYMUNDO SANCHEZ-TORRES, | ) |
| FREDDY LOPEZ TORRES, and | ) |
| ESTHELA SILFA VASQUEZ | ) |

## **INDICTMENT**

The Grand Jury charges:

## **COUNT ONE**
## **CONSPIRACY TO TRANSPORT PROSTITUTES IN INTERSTATE COMMERCE**

1. From on or about November 1, 2006 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendants ARELI, True Name Unknown, EUSEBIO FLORES MARTINEZ, ROSA GARCIA MENENDEZ, OBDULIO C. MORALES, RUBIO TRINIDAD NARCISO, ELDA DORALI MORENO RAMIREZ, RAYMUNDO SANCHEZ-TORRES, FREDDY LOPEZ TORRES, and ESTHELA SILFA VASQUEZ knowingly and willfully conspired and agreed with each other, and other persons known and unknown to the grand jury, to commit offenses against the United States, to wit: transporting any individual in interstate commerce with intent that such individual engage in prostitution, in violation of Title 18, United States Code, Section 2421.

## The Conspiracy and Its Objects

2. The defendants conspired to create and operate a network of brothels and prostitution delivery services using illegal aliens from Spanish-speaking countries in the State of Tennessee and the Commonwealth of Kentucky.

3. The principal object of the conspiracy was to obtain money for the ultimate personal gain, benefit, profit, advantage, and accommodation of the defendants and their co-conspirators.

## Manner and Means of the Conspiracy

4. It was part of the conspiracy that the defendants recruited Spanish-speaking women who illegally entered the United States and engaged them to become prostitutes.

5. It was further a part of the conspiracy that the defendants caused these prostitutes to travel in interstate commerce from Alabama, Georgia, Tennessee, Kentucky, and South Carolina and work in brothels and prostitution delivery services in Knoxville, Tennessee; Morristown, Tennessee; Johnson City, Tennessee; Bristol, Tennessee; Kingsport, Tennessee; Goodlettsville, Tennessee; and Louisville, Kentucky.

6. It was further a part of the conspiracy that the defendants handled the prostitutes, keeping a prostitute in one location for a week at a time. The prostitutes worked Monday through Saturday and traveled between cities on Sundays.

7. It was further a part of the conspiracy that the customers paid the defendants $30 for fifteen minutes of sexual intercourse with a prostitute. In exchange for $30, the customer received a physical token such as a stone, ticket, or poker card which the customer gave to the prostitute when she rendered her services to the customer.

8. It was further a part of the conspiracy that the defendants operated fixed locations

where prostitution services were offered (brothels) and operated prostitution delivery services, in which they delivered or caused to be delivered, prostitutes to another location where they engaged customers in sexual intercourse.

9. It was further a part of the conspiracy that the defendants advertised their brothels and prostitution delivery services via word of mouth in the Spanish-speaking communities in the foregoing cities and via business cards printed in Spanish. The business cards used code words for prostitution services including but not limited to, haircuts, flowers, and appetistas.

10. It was further a part of the conspiracy that because it is considered desirable to have a changing supply of prostitutes in order to generate customer interest, the defendants constantly traded prostitutes on a weekly basis. The defendants negotiated with each other and with other handlers to arrange the transport of prostitutes on a weekly basis. The defendants provided and arranged for the prostitutes to travel from one handler to another, using private transport, interstate travel by car, and public bus transport in interstate travel.

11. It was further a part of the conspiracy that the defendants arranged and controlled the prostitutes' working conditions, including the number of customers, the working hours, and the location. Most of the defendants' prostitutes began working at 1:00 p.m. and worked through midnight, six days per week. The defendants' prostitutes were generally expected to engage in sexual intercourse with 30 customers per day, in order to maximize the defendants' profits. The defendants controlled the prostitutes' freedom and movements and required them to work 50 weeks per year. The defendants provided the prostitutes no health care. In most instances, the prostitutes were required to purchase condoms from their tip money. The prostitutes lived nomadic lives, traveling from one city to another.

12. It was further a part of the conspiracy that the defendants operated brothels at 3525 McClister Road in Morristown, Tennessee; 3062 Springvale Road in Morristown, Tennessee; 3618 Cunningham Road in Knoxville, Tennessee; 8371 Old Springfield Pike in Goodlettsville, Tennessee; 5514 Riata Court in Louisville, Kentucky; and 9910 Merioneth Drive in Louisville, Kentucky.

13. It was further a part of the conspiracy that the defendants operated prostitution delivery services from 3525 McClister Road in Morristown, Tennessee to customers in Johnson City, Tennessee, Bristol, Tennessee, and Kingsport, Tennessee; from 3618 Cunningham Road in Knoxville, Tennessee to customers in Knox County, Tennessee; from 10019 Bob Gray Road, West Knox Park, Lot 34 in Knoxville, Tennessee to customers in Knox County, Tennessee; from 8371 Old Springfield Pike in Goodlettsville, Tennessee to customers in Madison and Davidson Counties, Tennessee; from 5514 Riata Court in Louisville, Kentucky to customers in Jefferson County, Kentucky; and from 9910 Merioneth Drive in Louisville, Kentucky to customers in Jefferson County, Kentucky.

14. It was further a part of the conspiracy that the defendants concealed the identities of the prostitutes, virtually all of whom illegally entered the United States. The defendants removed the prostitutes' authentic identification documents and provided false identification documents and false identities to the prostitutes. The defendants instructed the prostitutes to deny their true identities and to disclaim any knowledge of the prostitution business in the event that they were questioned by United States law enforcement officers.

15. It was further a part of the conspiracy that the defendants failed to provide notice to the United States Department of Homeland Security or the Immigration and Naturalization

4

Case 2:11-cr-00041   Document 7   Filed 05/03/11   Page 4 of 15   PageID #: 13

Service that they operated brothels staffed by illegal aliens.

## Overt Acts in Furtherance of the Conspiracy

16. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Tennessee and elsewhere:

    a. On or about January 13, 2011, defendant NARCISO offered to sell a prostitute for prostitution services to an individual for $30, in Morristown, Tennessee.

    b. On or about January 31, 2011, defendant MENENDEZ used cellular phones to communicate with other individuals, in order to locate a prostitute to work for her in Morristown, Tennessee.

    c. On or about February 6, 2011, defendant RAMIREZ traveled to Atlanta, Georgia where she met an individual and transported that individual to Knoxville, Tennessee for purposes of prostitution.

    d. From on or about February 7 through on or about February 12, 2011, defendant RAMIREZ arranged for an individual to engage in prostitution with 90 customers in Knoxville, Tennessee.

    e. On or about February 11, 2011, defendant NARCISO offered to sell a prostitute for prostitution services to an individual in Johnson City, Tennessee.

    f. On or about February 13, 2011, defendant NARCISO traveled to Atlanta, Georgia where he met an individual and transported that individual to Morristown, Tennessee for purposes of prostitution.

5

g. On or about February 14, 2011, defendant NARCISO operated a brothel at 3525 McClister Road in Morristown, Tennessee.

h. From on or about February 16, 2011 to February 17, 2011, defendant NARCISO transported an individual from Morristown, Tennessee to Johnson City, Tennessee, Bristol, Tennessee, and Kingsport, Tennessee for purposes of prostitution.

i. On or about February 16, 2011, defendant RAYMUNDO SANCHEZ-TORRES operated a brothel at 3525 McClister Road in Morristown, Tennessee.

j. On or about February 18, 2011, defendant RAYMUNDO SANCHEZ-TORRES transported an individual from Morristown, Tennessee to Johnson City, Tennessee for prostitution purposes.

k. From on or about February 20 through on or about February 26, 2011, defendant RAMIREZ arranged for an individual to engage in prostitution with 96 customers in Knoxville, Tennessee.

l. On or about February 28, 2011, defendant RAMIREZ traveled from Knoxville, Tennessee to Atlanta, Georgia and transported an individual from Atlanta, Georgia to Knoxville, Tennessee for purposes of prostitution.

m. On or about February 28, 2011, defendant NARCISO arranged for an individual to travel from Louisville, Kentucky to Knoxville, Tennessee via Greyhound Bus public carrier. On or about February 28, 2011, defendant NARCISO arranged for the transport of that individual from the Greyhound Bus Station in Knoxville, Tennessee to 3525 McClister Road in Morristown, Tennessee, all for purposes of prostitution.

n. On or about March 14, 2011, defendant NARCISO operated a brothel at 3525 McClister Road in Morristown, Tennessee.

o. On or about March 14, 2011, defendants MORALES and VASQUEZ arranged for the transport of an individual for prostitution purposes from Knoxville, Tennessee to Louisville, Kentucky.

p. From on or about March 15, 2011 to on or about March 17, 2011, defendant NARCISO transported an individual forprostitution services to customers in Johnson City, Tennessee, Bristol, Tennessee, and Kingsport, Tennessee.

q. On or about March 27, 2011, defendant RAMIREZ met with defendant NARCISO and transferred an individual to him for purposes of prostitution. Defendant RAMIREZ had previously transported that individual from Atlanta, Georgia to Knoxville, Tennessee for purposes of prostitution.

r. On or about March 27, 2011, defendant RAMIREZ traveled to North Carolina and transported an individual from North Carolina to Knoxville, Tennessee for purposes of prostitution.

s. On or about March 27, 2011, defendant MENENDEZ traveled from Indianapolis, Indiana to Louisville, Kentucky at the request of defendants MORALES and VASQUEZ for purposes of prostitution and she provided prostitution services in Louisville, Kentucky on March 28, 2011 at the direction of defendants MORALES and VASQUEZ.

t. From on or about March 28, 2011 to on or about April 1, 2011, defendants MORALES and VASQUEZ provided prostitution services delivered by defendant MENENDEZ in Louisville, Kentucky.

7

u. On or about March 29, 2011, defendant ARELI True Name Unknown made a telephone call to a person using a means of interstate commerce, inducing such person to engage in prostitution in Knoxville, Tennessee.

v. On or about April 3, 2011, defendant RAMIREZ traveled to Greenville, South Carolina and transported an individual from Greenville, South Carolina to Knoxville, Tennessee for purposes of prostitution.

w. On or about April 10, 2011, defendant MENENDEZ traveled from Louisville, Kentucky to Goodlettsville, Tennessee at the direction of defendant FREDDY LOPEZ TORRES for purposes of prostitution.

x. From on or about April 11, 2011 to on or about April 16, 2011, defendant FREDDY LOPEZ TORRES directed defendant MENENDEZ who provided prostitution services in the Nashville, Tennessee area.

y. From on or about April 11, 2011 to on or about April 16, 2011, defendant FREDDY LOPEZ TORRES operated a brothel at 8371 Old Springfield Pike in Goodlettsville, Tennessee, which provided prostitution services.

z. On or about April 17, 2011, defendant NARCISO traveled to Nashville, Tennessee and transported an individual he had previously transported from Atlanta, Georgia, to defendant FREDDY LOPEZ TORRES at 8371 Old Springfield Pike, Goodlettsville, Tennessee for purposes of prostitution.

aa. On or about April 25, 2011, defendant RAMIREZ hired defendant MARTINEZ to act as her driver of prostitutes.

8

ab. On or about April 25, 2011, defendant RAMIREZ and defendant MARTINEZ traveled to Atlanta, Georgia and transported an individual from Atlanta, Georgia to Knoxville, Tennessee for purposes of prostitution.

ac. On or about April 25, 2011, defendants ARELI True Name Unknown, NARCISO, and MENENDEZ met and planned their acquisition and scheduling of prostitutes in Knoxville, Tennessee.

ad. On or about April 26, 2011, defendant NARCISO operated a brothel at 3525 McClister Road in Morristown, Tennessee.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## CONSPIRACY TO INDUCE INTERSTATE TRAVEL FOR PROSTITUTION

1. Paragraphs 2 through 15 and 16a through 16 ad of Count One are re-alleged and incorporated herein by reference.

2. From on or about November 1, 2006 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendants ARELI, True Name Unknown, EUSEBIO FLORES MARTINEZ, ROSA GARCIA MENENDEZ, OBDULIO C. MORALES, RUBIO TRINIDAD NARCISO, ELDA DORALI MORENO RAMIREZ, RAYMUNDO SANCHEZ-TORRES, FREDDY LOPEZ TORRES, and ESTHELA SILFA VASQUEZ knowingly and willfully conspired and agreed with each other, and other persons known and unknown to the grand jury, to commit offenses against the United States, to wit: persuading, inducing, and enticing any individual to travel in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

## COUNT THREE
## CONSPIRACY TO OPERATE BROTHELS WITH ILLEGAL ALIENS

1. Paragraphs 2 through 15 and 16a through 16 ad of Count One are re-alleged and incorporated herein by reference.

2. From on or about November 1, 2006 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendants ARELI, True Name Unknown, EUSEBIO FLORES MARTINEZ, ROSA GARCIA MENENDEZ, OBDULIO C. MORALES, RUBIO TRINIDAD NARCISO, ELDA DORALI MORENO RAMIREZ, RAYMUNDO SANCHEZ-TORRES, FREDDY LOPEZ TORRES, and ESTHELA SILFA VASQUEZ knowingly and willfully conspired and agreed with each other, and other persons known and unknown to the grand jury, to commit offenses against the United States, to wit: operating a brothel with illegal aliens without registering such brothel with the Secretary of Homeland Security and the Citizenship and Immigration Service, in violation of Title 18, United States Code, Section 2424.

## COUNT FOUR
## INDUCING TRAVEL TO ENGAGE IN PROSTITUTION

From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendant ARELI, True Name Unknown knowingly persuaded, induced, and enticed an individual to travel in interstate commerce, that is, from North Carolina to Tennessee, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense in violation of Title 18, United States Code, Section 2422(a).

10

## COUNT FIVE
## TRANSPORTING INDIVIDUAL IN INTERSTATE COMMERCE FOR PROSTITUTION

From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendant EUSEBIO FLORES MARTINEZ knowingly transported an individual in interstate commerce from Tennessee to Georgia and from Georgia to Tennessee, with intent that such individual engage in prostitution in violation of Title 18, United States Code, Section 2421.

## COUNT SIX
## INDUCING TRAVEL TO ENGAGE IN PROSTITUTION

From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendant ROSA GARCIA MENENDEZ knowingly persuaded, induced, and enticed an individual to travel in interstate commerce, that is, from Georgia to Tennessee, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense in violation of Title 18, United States Code, Section 2422(a).

## COUNT SEVEN
## INDUCING TRAVEL TO ENGAGE IN PROSTITUTION

From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendant OBDULIO C. MORALES knowingly persuaded, induced, and enticed an individual to travel in interstate commerce, that is, from Tennessee to Kentucky, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense in violation of Title 18, United States Code, Section 2422(a).

## COUNT EIGHT
## INDUCING TRAVEL TO ENGAGE IN PROSTITUTION

From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendant RUBIO TRINIDAD NARCISO knowingly persuaded, induced, and enticed an individual to travel in interstate commerce, that is, from Georgia to Tennessee, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense in violation of Title 18, United States Code, Section 2422(a).

## COUNT NINE
## TRANSPORTING INDIVIDUAL IN INTERSTATE COMMERCE FOR PROSTITUTION

From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendant ELDA DORALI MORENO RAMIREZ knowingly transported an individual in interstate commerce from Georgia and South Carolina to Tennessee and from Tennessee to South Carolina, with intent that such individual engage in prostitution in violation of Title 18, United States Code, Sections 2421.

## COUNT TEN
## INDUCING TRAVEL TO ENGAGE IN PROSTITUTION

From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendant FREDDY LOPEZ TORRES knowingly persuaded, induced, and enticed an individual to travel in interstate commerce, that is, from Alabama to Tennessee, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense in violation of Title 18, United States Code, Section 2422(a).

## COUNT ELEVEN
## INDUCING TRAVEL TO ENGAGE IN PROSTITUTION

From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendant ESTHELA SILFA VASQUEZ knowingly persuaded, induced, and enticed an individual to travel in interstate commerce, that is, from Tennessee to Kentucky, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense in violation of Title 18, United States Code, Section 2422(a).

## COUNT TWELVE
## CONSPIRACY TO TRANSPORT ILLEGAL ALIENS

1. Paragraphs 2 through 15 and 16a through 16 ad of Count One are re-alleged and incorporated herein by reference.

2. From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendants ARELI, True Name Unknown, EUSEBIO FLORES MARTINEZ, ROSA GARCIA MENENDEZ, OBDULIO C. MORALES, RUBIO TRINIDAD NARCISO, ELDA DORALI MORENO RAMIREZ, RAYMUNDO SANCHEZ-TORRES, FREDDY LOPEZ TORRES, and ESTHELA SILFA VASQUEZ, knowingly and willfully conspired and agreed with each other, and with other persons known and unknown to the grand jury, to commit offenses against the United States, to wit: knowingly and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, did transport and move said aliens within the United States by means of transportation and otherwise in furtherance of such violation of law in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and Title 18, United States Code, Section 371.

13

## COUNT THIRTEEN
## CONSPIRACY TO HARBOR ILLEGAL ALIENS

1. Paragraphs 2 through 15 and 16a through 16 ad of Count One are re-alleged and incorporated herein by reference.

2. From on or about January 1, 2011 to on or about May 3, 2011, in the Eastern District of Tennessee and elsewhere, defendants ARELI, True Name Unknown, EUSEBIO FLORES MARTINEZ, ROSA GARCIA MENENDEZ, OBDULIO C. MORALES, RUBIO TRINIDAD NARCISO, ELDA DORALI MORENO RAMIREZ, RAYMUNDO SANCHEZ-TORRES, FREDDY LOPEZ TORRES, and ESTHELA SILFA VASQUEZ, knowingly and willfully conspired and agreed with each other, and with other persons known and unknown to the grand jury, to commit offenses against the United States, to wit: knowingly and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such aliens in buildings located at 3525 McClister Road in Morristown, Tennessee; 3062 Springvale Road in Morristown, Tennessee; 3618 Cunningham Road in Knoxville, Tennessee; 10019 Bob Gray Road, West Knox Park, Lot 34 in Knoxville, Tennessee; 8371 Old Springfield Pike in Goodlettsville, Tennessee; 5514 Riata Court in Louisville, Kentucky; and 9910 Merioneth Drive in Louisville, Kentucky in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) and Title 18, United States Code, Section 371.

A TRUE BILL:

   s/ Foreperson
FOREPERSON

Approved:

    WILLIAM C. KILLIAN
    United States Attorney


By:   *s/ Helen Smith*
    Helen C.T. Smith
    Assistant United States Attorney